# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51644-6-II |
| Respondent, | |
| v. | |
| NICHOLAS JAMES DEAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Nicholas J. Dean appeals his sentence, arguing that as an indigent defendant, the trial court erred in imposing a $200 criminal filing fee as a legal financial obligation (LFO).  The State concedes that the criminal filing fee should be stricken.  The State also concedes that the provision for interest to accrue on LFOs until paid in full should be stricken from Dean's judgment and sentence.  We accept the State's concessions and remand to the trial court to strike the $200 criminal filing fee and the interest accrual provision from Dean's judgment and sentence.

FACTS

A jury found Dean guilty of attempted rape of a child in the first degree. At the time of his arrest, Dean worked for an auto detail shop, was homeless, lived in his car, and had little money. He also provided financial support for his son.

At sentencing, the court imposed a sentence of 84 months to life and a lifetime community custody term. The court also imposed LFOs, including a $200 criminal filing fee and the accrual of interest on the LFOs until payment is made in full.[1]  The court found Dean indigent for purposes of appeal.

Dean appeals.

ANALYSIS

Dean challenges the provision of his judgment and sentence imposing a $200 criminal filing fee. The State concedes that the criminal filing fee should be stricken. The State further concedes that the provision requiring interest to accrue until LFOs are paid in full also should be stricken. We accept the State's concessions.

Recent legislative amendments to the LFO statutes prohibit the imposition of certain LFOs, including the $200 criminal filing fee and interest accrual on the nonrestitution portions of LFOs, on indigent defendants.  *See* RCW 36.18.020(2)(h); RCW 10.46.190; RCW 10.82.090(1); *State v. Ramirez*, 191 Wn.2d 732, 735, 750, 426 P.3d 714 (2018).  Here, it is undisputed that Dean was

---

[1] There was no restitution imposed in Dean's judgment and sentence, and there's nothing in the appellate record that shows the imposition of any restitution.

No. 51644-6-II

found indigent. Therefore, we accept the State's concessions and remand for the trial court to strike the $200 filing fee and the interest accrual provision from Dean's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Maxa, C.J.

3